O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABRAHAM KIM,<br><br>                Plaintiff,<br><br>     v.<br><br>LA COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>                Defendants. | Case No. 2:24-cv-10591-CAS-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

I.  **BACKGROUND AND SUMMARY**

On December 9, 2024, Plaintiff Abraham Kim, who is at liberty, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis* ("IFP"), filed a Complaint for Violation of Civil Rights ("Original Complaint"), pursuant to 42 U.S.C. § 1983, against the Los Angeles County Sheriff's Department ("LASD") and "Jailer Garcia."  (Docket No. 1).

///
///
///
///

On April 7, 2025, the Magistrate Judge screened the Original Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), advised Plaintiff of multiple deficiencies therein,[1] and dismissed it with leave to amend. (Docket No. 8 ("April Order")).[2]

On April 23, 2025, Plaintiff filed a First Amended Complaint for damages against the LASD, the Los Angeles County Jail, and "Jailer Garcia," who was sued solely in his or her official capacity. (Docket No. 9).

On May 29, 2025, the Magistrate Judge screened the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), advised Plaintiff of multiple

---

[1] More specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Original Complaint, among other deficiencies, violated Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim against the LASD or "Jailer Garcia." (Docket No. 8).

[2] Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim. Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798). The April Order expressly notified Plaintiff that (1) the April Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the April Order if such party did not seek review thereof or object thereto. (April Order at 14 n.11). Plaintiff did not seek review of, or file any objection to the April Order.

deficiencies therein,[3] and dismissed it with leave to amend. (Docket No. 10 ("May Order")).[4] The May Order directed Plaintiff, within twenty-one days, to file one of the following: (1) a Second Amended Complaint which cures the pleading defects described in the May Order; (1) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the First Amended Complaint. The May Order also expressly cautioned Plaintiff that the failure timely to file a Second Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the First Amended Complaint may be deemed Plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the May Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the May Order.

Although the deadline to comply with the May Order expired more than a month ago, to date, Plaintiff has not filed a response to the May Order or sought an extension of the deadline to do so. Nor has Plaintiff sought review of, or filed any objection to the May Order.

As discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and his failure to comply with the May Order by the deadline to do so.

---

[3]Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the First Amended Complaint suffered from essentially the same defects as the Original Complaint, violated Rule 8 of the Federal Rules of Civil Procedure and failed to state a viable claim for relief against any Defendant. (Docket No. 10).

[4]See supra note 2. The May Order expressly notified Plaintiff that (1) the May Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the May Order if such party did not seek review thereof or object thereto. (May Order at 12 n.7).

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire

action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A District Judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

### III.  DISCUSSION AND ORDER

First, the Court has reviewed the April and May Orders, and finds that they adequately and properly notified Plaintiff of the deficiencies in the Original Complaint and First Amended Complaint and afforded Plaintiff an opportunity to amend effectively. This Court agrees with and adopts the April and May Orders and finds that the Magistrate Judge properly dismissed the Original and First Amended Complaints with leave to amend for the reasons discussed in the April and May Orders.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the May Order and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, Plaintiff has been notified of the deficiencies in the First Amended Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon. He has done none of those things. See Edwards, 356 F.3d at 1065. The third factor, risk of prejudice to the Defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to

1  defendants presumed from unreasonable delay) (citation omitted).  The fourth
2  factor, the public policy favoring disposition of cases on their merits, is greatly
3  outweighed by the factors in favor of dismissal discussed herein.  As for the fifth
4  factor, since Plaintiff has already been cautioned of the consequences of his failure
5  to prosecute and his failure to comply with the May Order by the deadline to do so,
6  and has been afforded the opportunity to avoid such consequences but has not
7  responded, no sanction lesser than dismissal is feasible.  <u>See, e.g.</u>, <u>Yourish</u>, 191
8  F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs'
9  failure timely to comply with court's order to submit an amended complaint).

   IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and his failure to comply with the May Order by the deadline to do so.

   IT IS SO ORDERED.

DATED: July 28, 2025

*Christina A. Snyder*
_____
HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

6